Our next case on the call of the docket is agenda number six case number one one four 1-0-0 people vs. Hunter counsel for the appellant, please proceed Mr.. Chief Justice your honors may it please the court I am assistant state's attorney Tasha Marie Kelly on behalf of the people of the state of Illinois The case before this court began on October 5th of 2008 when Chicago police officers Conducted a narcotics surveillance on the west side of the city During the course of that surveillance the officers observed defendant taking part in two narcotics transactions after the second transaction the officers broke their surveillance and During the course of the arrest the police officers recovered two loaded handguns and an amount of cannabis in the open entryways surrounding defendant a month later in November of 2008 Defendant was formally charged by information with one count of possession of cannabis with intent to deliver in March of 2009 before the cannabis charge went to trial, but 176 days after defendants original charge, I'm sorry after defendants arrest the people appeared before the Cook County Grand Jury and indicted defendant with five additional weapons charges Including one count of armed habitual criminal and four counts of unlawful use of a weapon by a felon The defendant filed a motion to dismiss the additional charges on The trial court the people appealed this to the appellate court which affirmed the dismissal of the additional counts This decision by the appellate court was erroneous and must be reversed by this court The appellate courts decision was illogical in that it found that possession of cannabis and possession of guns Typically constituted different acts for purposes of compulsory joinder, but that the situation presented here where there was simultaneous Constructive possession was somehow different This characterization by the appellate court of the dual possessions in this case as a single act was problematic for two distinct reasons First it was inconsistent with this court's prior decisions in cases such as people versus Gooden and people versus Johnson where this court made clear that the question of whether joinder is mandated is resolved By examining whether distinct independent criminal acts exist with act being interpreted very narrowly Second it creates an artificial distinction between situations where a defendant is an actual physical possession of an item and Situations such as the one presented here where the defendant places the items within his control But does not maintain them on his person and is thus in constructive possession a distinction which has never before existed as these Possessions have always been treated equally for purposes of prosecution Section 3 3 of the of the code the compulsory joinder statute States that if several offenses are known to the prosecution at the time of commencement They must be tried together if they are based on the same act But act is not defined by this section nor has it ever been explicitly defined by this court Both of which have led to confusion on the parts of lower courts in applying the statute this court however has indicated the act should be defined narrowly in Johnson for instance this court reviewed a case in which the defendant was charged with the offenses of rape and burglary With both charges arising out of a single entry into the victim's home the defendant was tried on the rape charge and convicted and Following the trial which took place with which was a jury trial The party stipulated that the evidence would be the same and the defendant was also convicted of the burglary Afterwards the defendant appealed the burglary conviction arguing that it should have been tried along with the rape charge in Making this argument the defendant relied on a broad interpretation of act specifically asking that act be Defined equally as same conduct or same transaction however, this court Declined the defendants request for a broader interpretation finding that Such a broad definition was not warranted and explaining that section 3 3 the compulsory joinder statute Was not intended for situations where more than one offense arises from a series of closely related acts Where the crimes are clearly distinct and have different elements of proof This language in Johnson is Significant to this case first because it supports a narrow interpretation of act as opposed to the broader interpretation which would include conduct or Transaction and second because it indicates that the two factors that are key for the consideration of the question of whether one act exists are Are there distinct criminal actions and do these actions require different elements of proof? Applying Johnson to this case. It's clear that defendants dual possessions of handguns and cannabis Must be viewed as separate acts First the offenses are wholly distinct from each other while they are both possessory offenses that does not render them the same as the character and the quality of the items possessed are entirely different furthermore proof of guilt of each possessory offense requires a showing of different elements as It is the individual nature of the item possessed which renders the possession a criminal act Gooden is also instructed in Gooden The defendant was charged with home invasion and at a later date the people added charges of aggravated criminal sexual assault Both sets of charges arose out of the same interrupted act on a single victim The defendant in that case filed a motion to dismiss the sexual assault charges Claiming that they rose out of the same act as the home invasion and thus were subject to compulsory joinder This court explained that where multiple offenses arise from related acts Even where there is a single criminal purpose or plan joinder is not required This court explained that independent overt acts that constitute different offenses are not required to be joined Because they are not based on the same act This holding in Gooden helps to demonstrate why the appellate courts Decision here was wrong in Reaching its decision. The court did not rest on the obvious conclusive question Our possession of guns and possession of cannabis distinct criminal acts as this court did in deciding Gooden and Johnson instead the appellate court rested its decision on the nature of the possession itself, which was constructive and in doing so the appellate court suggested that The constructive nature of the possession The I'm sorry that the constructive nature of the possession was significant and Found that it was the nature of the possession itself that demanded constructive joinder This conclusion by the appellate court was incorrect and essentially created a distinction between Constructive possession and physical possession and rewards a defendant for not physically possessing his contraband at the time of his arrest This court should reject this distinction since the location of the contraband should be of no Significance as to the question of whether the criminal acts are distinct and overt The appellate courts other concern in this case rested on the simultaneous nature of the possessions and on this point The court relied on two cases people versus Quigley and people versus Manning However, both of these cases are best viewed as outliers in this court's joinder jurisprudence because of their unique factual Circumstances in Quigley for instance the two offenses charged were felony and misdemeanor DUI Both arising out of a single act of driving under the influence by the defendant The felony charge was predicated on an injury, which was suffered by a passenger in the car in This court's concern was that there was only one clear continuous criminal act committed by the defendant Which was his operation of a motor vehicle while under the influence of alcohol This court explained that for multiple acts to exist in Quigley There had to be a creation of artificial breaks in the timeline and a finding that the first offense Essentially stopped and the second offense began That is not the that is not the case here Unlike Quigley this court does not have to create artificial breaks in time for distinct acts to exist What occurred here were two? Simultaneous possessions of distinct items and each possession in and of itself was a distinct criminal offense with separate Elements the active possession of the handguns and the active possession of the cannabis in an in and of themselves were each sufficient to support a separate and distinct criminal offense and the Simultaneous nature of their occurrence should not dictate That should not dictate that joinder is mandated here This Situation would be more similar to if the defendant in Quigley was found With an amount of cannabis on his person when he was stopped for driving under the influence in that instance It would be clear that the defendant was simultaneously committing two separate offenses Possession of cannabis and driving under the influence and it would be illogical in that instance to suggest that that defendant had committed Only one criminal offense or that joinder was mandated of those two offenses The same should be true here and the possessory nature of the offenses should not make a difference The other case relied on by the appellate court was the case of people versus Manning in that case the defendant was arrested while in During the course of Robbing a pharmacy and he was found to be in possession of two types of controlled substances The defendant was charged with possession of a controlled substance Based on his possession of both items two counts of possession of a controlled substance The after the defendant appealed one of the counts of possession of a controlled substance was reversed By this court, which was consistent with the law at the time Because Possession of any amount of different controlled substances could support only one conviction for possession of a controlled substance However, since Manning was decided the Controlled Substances Act has been amended and it's now commonplace for a defendant to be charged and convicted of multiple counts of possession of a controlled substance Based on his possession of different controlled substances such as heroin and cocaine So any reliance on people versus Manning to support the proposition that simultaneous possession of different items Cannot support different convictions or that they do not constitute separate acts Has to be questioned in light of the change of the law and the fact that Manning merely reflected the law at the time If there are no questions for those reasons And for those in the people's brief, we would ask this court to reverse the decision of the appellate court and reinstate the Dismissed charges. Thank you. Thank you counsel counsel for the appellee Good morning chief justice your honors counsel and may it please the court. My name is Amanda Ingram and I represent Dwayne Hunter Dwayne Hunter exercised control over a single area Which contained two guns and cannabis? The contraband was found in the same location at the same time during the same search The state suggests that we know for a fact that mr. Hunter placed those items in the vestibule But in fact, we don't we don't know who put the items in the vestibule. All we know is that Dwayne Hunter after being seen Allegedly engaging in narcotic sex in narcotic sales was standing in the vestibule He was not doing anything different physically in Relation to each item that was in that area His simultaneous possession at the same time and the same place is the same act This is like someone holding in a single container Several items of stolen property each belonging to a different person or holding a gun loaded with bullets in Each of these items a single act simultaneous possession violates multiple statutes This is the exact scenario that section 3 3 was designed to cover. Is it more than just the physical act of possession There's two distinct criminal intentions here, no, your honor in fact the legislative history of section 3 3 makes clear that the the legislature foresaw that there would be occasions when multiple offenses with different elements different criminal offenses could and sometimes would arise out of the same act and The fact that there were two that there were two different Criminal offenses two distinct criminal offenses that does not inherently mean that there are two different acts That's what this statute was designed to address the the rare occasion when there is one act but distinct criminal offenses and there there are several cases in in the Baker and Manning cases that opposing counsel was referring to There were different elements that the court found or different criminal offenses with different elements that arose from what the court found was the same act I think in One of them was the possession of cannabis and illegal Transportation of alcohol. I mean just because there are different elements in the different offenses The crucial question is whether they're the same the same act just because there are different offenses Does not inherently mean that there are different acts Possession of a stolen car at the same time. He was possessing the drugs. Is it the same offense? Well, I think is it subject to compulsory joiner? Well, it's it's it's not the same offense, but it might be the same act I think what the the crucial distinction is the that the time and place elements of it here in this case Again, Dwayne Hunter. He's he's in the vestibule. Nothing's on his person. Everything is is in his his area He's standing there Exerting this construct control in the constructive possession in the cases where this court and others have found Different acts there's been a sequence of events Even if it's it's very close in time or even if it's maybe in a different place but there's always been some sort of break in time and that's why and that comes from the legislative history which Specifically said that section 3 3 doesn't apply when there's a series of events Even if they're very close in time, but here there is no series of acts. There were there were no separate acts He's he's he's standing. He's in possession of these things constructively I think time is a consideration Yes And and I think it was in the Davis court in the in the appellate court where in that case the defendant He he robbed a person who's standing right here and then he robbed the next person Immediately after and the court said he could have just robbed person one, but he did it He chose to turn and rob the other person I think there is an element of of Choice that the court has looked to to say look he could have just committed But he could have just stopped doing what he was doing, but he did it He chose to go on and commit another offense then the cases where the court has found different acts there's always been some element of a sequence of events a series of events some some point where the defendant went from Committing criminal act a going on to committing some other act that was also a criminal offense and so Committing murder and then going and hiding the bodies or a home invasion and then committing a sexual assault There's always been some kind of there's been a very clear series of acts and certainly when the court has found any Sequence of events where it could reasonably found to be a series No court has hesitated to find that joinder was not required But we just don't have that in this case all we have is a possessory offense the nature of the offense It's the it's the criminality of the possession. That is the the same act there's there's simply there's first of all there's no evidence that the defendant placed the items there at all and Secondly, there's simply there's no sequence of events that we can look to the fact that there are two different criminal offenses doesn't mean there's two different acts and What do we do then with I guess you've been in response to justice Freeman's question Talking about the Carter case, right? Because so what do we do with Carter that talks about simultaneous violations of a seminal single criminal statute? Which is now what we have here. We don't have a single criminal statute. I think you've been addressing that But then what about the Williams case as well that talked about all Alternative theories to the same facts and you know, we don't have alternative theories to the same facts here, do we? Well, no, no, I don't I don't think so. But again, we do with those cases. Are they just They're not helpful at all in this situation Well, I think for for starters this is this is a narrow set of facts this is a Simultaneous possession of multiple contract simultaneous constructive possession of different kinds of contraband all that Mr. Hunter is asking for is that the statute be followed the statutes very simple Where there are multiple offenses arising out of the same act they must be joined He's not arguing that he couldn't be Can he couldn't have be convicted of? Possessing these different items, but the state has to follow the rules and has to charge improperly That's that shouldn't be in question at all. There's in the Henry case the defendant struck the victim with a single blow to the face and Causing him to fall backward and strike his head on the sidewalk and the victim later died And this is what the court stated the charges of involuntary Involuntary manslaughter and Aggravated battery were both carved from the defendants single act Striking the victim in the face. Mm-hmm And it's a consequence these two charges were subject to compulsory jointer, right? That's that's what that case says specifically Do you think that the defendants possession of cannabis? and the gun charges Were carved from a single fact when you look a single act when you look at The act as compared the act as compared to the act in Henry Well again, those are that's a very different case because the Henry the defendant in Henry Obviously committed a single physical act punching the victim in that case here There's not really a physical act the act is his exerting control a Constructive possession sense of those items, but the statute doesn't say same physical act the statute simply says same act So we don't it doesn't even go that far the statute doesn't say same criminal act It doesn't say same physical act It simply says same act and so I think it encompasses both same physical acts as in the Henry case But also same acts as in this case where the defendant is standing there and in the same time at the same place There are these these items within his control his constructive control It's worth remembering to that the state had five months approximately to bring these charges But failed to do so even though it was aware of these offenses It's not unfair or a heavy burden on the state to ask them to bring charges of which it is aware Within the designated time period When the charges spring from the same act as they did here There's no need to rewrite the law on compulsory joinder just because somewhere along the line somebody Dropped the ball and didn't get these charges in time This court should apply section 3 3 as it is written and affirm the holdings of the trial and appellate courts Thank you Thank you Just very briefly your honors in terms of the legislative history component of it The committee comments actually reflect just the opposite and they clearly state that Section 3 3 is not intended to cover the situation in which several offenses either Repeated violations of the same statutory provision or violations of different provisions Arise from a series of acts which are closely related with respect to the offender single purpose or plan Following that the comments provide specific examples One of which is the effective articles belonging to the same or different persons in the same location and within a short period of time Which I think speaks to the time and place element of it While it's correct that in the majority of the cases which are cited in our briefs there is some distinct Break in time or the acts occur in a series there's no language in those cases and there's nothing which indicates that it was meant to suggest that where there's a lack of a break of time or there's not a clear series of events that There must be Compulsory joinder that the charges must be brought together and there's nothing to suggest that where acts occur simultaneously But are clearly distinct and have different elements That they cannot constitute separate acts for purposes of joinder And I think that ultimately that comes back to the point that I was making earlier that There is no clear definition of act Either in this court's previous cases or in the compulsory joinder statute and that this case offers this court the opportunity to Provide that clear definition and provide the guidance that the lower courts need for the proper application of compulsory joinder in future cases Do you agree or disagree with Miss Ingram that if? Defender were charged with possession of stolen goods from more than one location or one person that that's That has to be charged as one act If He was charged with possession of a suitcase full of stolen goods stolen from four or five different places Well, I would say that The committee comments would suggest that that would be multiple acts that the elements would be different that there are different items involved in that It specifically states the theft of articles belonging to same persons in the same location So you would disagree I would disagree your honor So again, if there's nothing further I would ask this court to reverse the order of the appellate court affirming the dismissal of the charges in this case Thank you. Thank you Miss Kelly, Miss Ingram will court. Thanks you for your arguments today Case number one one four one zero zero people versus hunter has taken under advisement is agenda number six Mr. Marshall, we're a little bit ahead of schedule. We're gonna take at least a 10-minute break, but we've got one administrative matters We can make sure the attorneys on the third case are ready by 1010, but it might be 1015 Let me make it back court stands and recess